UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE and JANE DOE, for themselves
and on behalf of JIMMY DOE, their minor
child,

Case No.: 1:18-cv-00309

Honorable Gordon J. Quist

        Plaintiffs,

v.

GRANDVILLE PUBLIC SCHOOL DISTRICT,
RON CANIFF, Former District Superintendent
in his official capacity, ROGER BEARUP, Current
Superintendent in his Official Capacity; SCOTT
MERKEL, Assistant Superintendent in his Official
Capacity, TONIA SHOUP, Principal in her
Official Capacity, and HILLARY HUBERTS,
Teacher, in her Official Capacity,

        Defendants.
_____/

| Anne Buckleitner (P59832) | Craig R. Noland (P30717) |
|---|---|
| SMIETANKA, BUCKLEITNER, STEFFES AND GEZON | Amanda M. Zdarsky (P81443) |
| Attorneys for Plaintiffs | McGRAW MORRIS P.C. |
| 4250 Chicago Drive, SW, Suite B | Attorneys for Defendants |
| Grandville , MI 49418 | 300 Ottawa Avenue, N.W., Suite 820 |
| (616) 667-2217 | Grand Rapids, MI 49503 |
| ALB@smietankalaw.com | (616) 288-3700/Fax (616) 214-7712 |
| | cnoland@mcgrawmorris.com |
| | azdarsky@mcgrawmorris.com |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE INDIVIDUAL CLAIMS BROUGHT BY PLAINTIFFS
JOHN DOE AND JANE DOE**

**ORAL ARGUMENT REQUESTED**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ i
I.   INTRODUCTION ........................................................................................................................ 1
II.  STANDARD OF REVIEW .......................................................................................................... 1
III. COMPLAINT ALLEGATIONS MADE BY PLAINTIFFS JOHN DOE AND JANE DOE. ....................................................................................................................................... 2
IV.  THIS COURT SHOULD DISMISS ANY INDIVIDUAL CLAIMS OF JOHN DOE AND JANE DOE. ..................................................................................................................... 2
    A. John Doe and Jane Doe, Plaintiff Jimmy's Parents, Lack Standing to Bring § 1983 Claims and Title IX Claims "For Themselves." ........................................................ 2
    B. Plaintiffs John Doe and Jane Doe Fail to State A Cause of Action Under Michigan Law. ............................................................................................................................. 4
V.   RELIEF REQUESTED ............................................................................................................... 5

TABLE OF AUTHORITIES

**Cases**

*Bosley v. Kearney R–1 School District,* 904 F.Supp. 1006 (W.D. Mo. 1995) ............................. 3
*Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000) .................................................................. 3
*Duran v. The Detroit News,* 200 Mich App 622; 504 NW2d 715 (1993) ..................................... 5
*Franks v. Kentucky Sch. for the Deaf*, 956 F. Supp. 741 (E.D. Ky. 1996), *aff'd,* 142 F.3d 360 (6th Cir. 1998) ........................................................................................................................ 3
*FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215 (1990) .................................................................. 2
*Gustafson v. Faris*, 67 Mich App 363; 241 NW2d 208 (1976) .................................................... 5
*Haines v. Metro. Gov't of Davidson Cty., Tenn.*, 32 F. Supp. 2d 991 (M.D. Tenn. 1998) ............ 3
*Henley v. Dep't of State Highways & Transp.*, 128 Mich App 214; 340 NW2d 72 (1983) .......... 5
*Mezibov v. Allen,* 411 F.3d 712 (6th Cir. 2005) ........................................................................... 2
*Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244 (6th Cir. 1996) ............................. 2
*Perlmutter v. Whitney*, 60 Mich App 268 NW2d 390 (1975) ....................................................... 5
*R.L.R. v. Prague Public School District,* 838 F.Supp. 1526 (W.D. Okla. 1993) .......................... 3
*Romeo Community Schools v. U.S. Dept. of Health, Educ., and Welfare,* 600 F.2d 581 (6th Cir. 1979) ..... 3
*Rowinsky v. Bryan Independent School District,* 80 F.3d 1006 (5th Cir. 1996) .......................... 3
*Stalley v. Methodist Healthcare*, 517 F.3d 911 (6th Cir. 2008) ................................................... 1
*Wargelin v. Sisters of Mercy Health Corp.,* 149 Mich App 75; 385 NW2d 732 (1986) ............... 5
*Williams v. Citizens Mut. Ins. Co. of Am.*, 94 Mich App 762; 290 NW2d 76 (1980) ................... 5

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 1, 2
Fed. R. Civ. P. 17(c) ..................................................................................................................... 1

**I.     INTRODUCTION**

Defendants have filed a motion to dismiss any claims by Plaintiffs John Doe and Jane Doe "for themselves" pursuant to Fed. R. Civ. P. 12(b)(1) and (6). This brief is filed in support of their motion.

Defendants have unsuccessfully sought concurrence with their request that the claims brought by Plaintiffs John Doe and Jane Doe "for themselves" be dismissed, in compliance with L. R. Civ. P. 7.1(d).

Defendants' motion does not challenge the right of John Doe or Jane Doe to pursue an action on behalf of Jimmy Doe, their minor child.[1] Defendants Grandville Public School District, Tonia Shoup and Hillary Huberts are filing an Answer to the Complaint. The individually-named Defendants are concurrently filing a separate motion to dismiss Plaintiff's § 1983 claims (Count II), and Defendant Grandville Public Schools is filing a motion to dismiss the "gross negligence" claims (Count IV).

**II.    STANDARD OF REVIEW**

Defendants have moved to dismiss any claims brought by Defendants John Doe and Jane Doe "for themselves" (as opposed to those claims brought solely on behalf of their minor child) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for "lack of subject-matter jurisdiction." A motion to dismiss based upon lack of standing is properly brought under Rule 12(b)(1). *See Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008) ("We review de

---

[1] Notably, however, it does not appear that either John Doe or Jane Doe has been appointed guardian or conservator as provided and otherwise required under Fed. R. Civ. P. 17(c).

1

novo a district court's dismissal of a case for lack of standing—lack of subject matter jurisdiction—under Fed. R. Civ. P. 12(b)(1).").

Standing may not be inferred from the pleadings or arguments set forth in the pleadings; rather, it must affirmatively appear in the record. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990). In considering whether to dismiss a complaint under Rule 12(b)(1) due to lack of subject-matter jurisdiction, the plaintiff bears the burden of proving the existence of subject-matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed where it "fail[s] to state a claim upon which relief can be granted." To state a claim, the complaint must contain factual allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005).

### III. COMPLAINT ALLEGATIONS MADE BY PLAINTIFFS JOHN DOE AND JANE DOE.

Plaintiffs John Doe and Jane Doe purport to assert a claim ("for themselves") on their own behalf. (See Complaint caption, and ¶6). In each Count of the Complaint, Plaintiffs John Doe and Jane Doe allege that they have "suffered emotional stress", and that they have "had significant financial expenses…". ECF 4, ¶¶ 100, 108, 117, and 126.

As summarized below, Plaintiffs John Doe and Jane Doe do not have standing to bring individual federal claims, and as such the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Otherwise stated, Plaintiffs John Doe and Jane Doe have failed to state a plausible cause of action under federal or state law. Fed. R. Civ. P. 12(b)(6).

### IV. THIS COURT SHOULD DISMISS ANY INDIVIDUAL CLAIMS OF JOHN DOE AND JANE DOE.

#### A. John Doe and Jane Doe, Plaintiff Jimmy's Parents, Lack Standing to Bring § 1983 Claims and Title IX Claims "For Themselves."

2

John Doe and Jane Doe do not assert any direct constitutional or Title IX injury. Rather, their allegations of harm are indirect, stemming from the alleged harassment of their child. This does not give rise to any Section 1983 or Title IX claim.

> In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort. *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984). *See also Purnell v. City of Akron*, 925 F.2d 941, 948–49 n. 6 (6th Cir. 1991); *May v. County of Trumbull*, 127 F.3d 1102 (Table), 1997 WL 651662, at *4 (6th Cir. Oct. 20, 1997) (*per curiam*); *Tinch v. City of Dayton*, 77 F.3d 483 (Table), 1996 WL 77445, at *1 (6th Cir. Feb. 20, 1996) (*per curiam*). Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members. *Id*.

*Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000).

The same is true for under Title IX. Title IX provides a private right of action only to students and participants in educational programs. *Romeo Community Schools v. U.S. Dept. of Health, Educ., and Welfare,* 600 F.2d 581 (6th Cir. 1979), *cert. denied,* 444 U.S. 972 (1979). While a parent has standing as "next friend" to assert the claims of a minor child, a parent does not have standing under Title IX to assert any personal claim. *Franks v. Kentucky Sch. for the Deaf*, 956 F. Supp. 741, 745 (E.D. Ky. 1996), *aff'd,* 142 F.3d 360 (6th Cir. 1998), citing *Rowinsky v. Bryan Independent School District,* 80 F.3d 1006 (5th Cir. 1996) (holding that a parent does not have standing to assert a personal claim under Title IX), *Bosley v. Kearney R–1 School District,* 904 F.Supp. 1006, 1020 (W.D. Mo. 1995) (same); *R.L.R. v. Prague Public School District,* 838 F.Supp. 1526, 1529 (W.D. Okla. 1993) (holding that the student holds the sole cause of action under Title IX); *see also Haines v. Metro. Gov't of Davidson Cty., Tenn.*, 32 F. Supp. 2d 991, 1000 (M.D. Tenn. 1998) (same).

3

Therefore, this Court should dismiss all constitutional and Title IX claims by John Doe and Jane Does "for themselves" as indicated in the caption of Plaintiffs' Corrected Complaint and references to their own "emotional stress" and "significant financial expenses" in Counts I, II and III of Plaintiffs' Corrected Complaint.

### B. Plaintiffs John Doe and Jane Doe Fail to State A Cause of Action Under Michigan Law.

In connection with Count IV of their Corrected Complaint, a claim for "gross negligence" under Michigan law, Plaintiffs John Doe and Jane Doe again request compensatory damages for their own "emotional stress", along with "financial damages incurred in response to these circumstances." ECF 4, Page ID 52. However, Plaintiffs John Doe and Jane Doe have not pled any independent cause of action under Michigan law, and therefore have failed to state a claim on their own behalf.

There is no allegation that Plaintiffs John Doe or Jane Doe were personally subjected to or witnessed any tortious conduct by any of the Defendants. Specifically, Plaintiffs' Complaint states only that Plaintiffs John Doe and Jane Doe had concerns about their son's well-being and behavior and raised those concerns with certain named Defendants. Their allegations make clear that John Doe and Jane Doe learned of the alleged inappropriate conduct only after the fact. ECF 4, Page ID 37, ¶ 46. There are further no allegations that Plaintiffs John Doe and Jane Doe were present "on the playground" or at school when Plaintiff Jimmy was later allegedly "victimized." ECF 4, Page ID 41-42. Accordingly, even if liberally construed, Plaintiffs' Complaint does not state an independent claim for negligent infliction of emotional distress (or "emotional stress" as alleged) on behalf of John Doe and Jane Doe "for themselves." See ECF 4, Page ID 30, 32.

It is not enough for John Doe and Jane Doe to assert that the "gross negligence" of Defendants caused them emotional distress. To state a claim for negligent infliction of emotional

4

distress "for themselves," Plaintiffs John Doe and Jane Doe must plead facts to demonstrate the following: 1) the injury threatened or inflicted on a third person must be a serious one, or of a nature to cause severe mental disturbance to the plaintiff; 2) the shock must result in actual physical harm; 3) the plaintiff must be a member of the immediate family; and 4) the plaintiff must actually be present at the time of the accident or at least suffer shock "fairly contemporaneous" with the accident. *Wargelin v. Sisters of Mercy Health Corp.,* 149 Mich App 75, 81; 385 NW2d 732 (1986).

Michigan has not applied the tort of negligent infliction of emotional distress "beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result." *Duran v. The Detroit News,* 200 Mich App 622, 629; 504 NW2d 715 (1993). "The plaintiff [simply] cannot recover when he is informed of the matter at a later date." *Williams v. Citizens Mut. Ins. Co. of Am.*, 94 Mich App 762, 765; 290 NW2d 76, 77 (1980), citing *Gustafson v. Faris*, 67 Mich App 363; 241 NW2d 208 (1976), and *Perlmutter v. Whitney*, 60 Mich App 268; 230 NW2d 390 (1975); *see also Henley v. Dep't of State Highways & Transp.*, 128 Mich App 214, 218; 340 NW2d 72, 74 (1983) (refusing to allow the parents of an injured child to bring a claim for negligent infliction of emotional distress where the parents did not learn of the accident until five hours after it had occurred. "Clearly the *Gustafson* requirement that they witness the accident or be on the scene moments later was not met."). Accordingly, any potential claims filed by John Doe and Jane Doe "for themselves" must be dismissed for failure to state an independent cause of action under Michigan law.

## V.     RELIEF REQUESTED

For the reasons summarized herein, Defendants respectfully request that this Honorable Court enter a Judgment in their favor dismissing the individual claims filed on behalf of John Doe and Jane Doe ("for themselves").

                                        McGRAW MORRIS, P.C.
                                        Attorneys for Defendants

Dated: May 22, 2018        BY:        s/ Craig R. Noland
                                        Craig R. Noland (P30717)
                                        Amanda M. Zdarsky (P81443)
                                        300 Ottawa Avenue, N.W., Ste. 820
                                        Grand Rapids, MI 49503
                                        Phone: (616) 288-3800
                                        cnoland@mcgrawmorris.com
                                        azdarsky@mcgrawmorris.com