UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE and JANE DOE, for
themselves and on behalf of JIMMY DOE,
their minor child,

  Plaintiffs,          Case No. 1:18-CV-309

v.                HON. GORDON J. QUIST

GRANDVILLE PUBLIC SCHOOL
DISTRICT, et al.,

  Defendants.
_____/

## ORDER REGARDING DEFENDANTS' MOTIONS

  Plaintiffs, John and Jane Doe, for themselves and on behalf of their minor child Jimmy Doe, sued Defendants Grandville School District and five individual District employees. Defendants have now filed three separate motions to dismiss. The first is on behalf of the individual defendants, seeking to dismiss Count II of the Complaint. (ECF No. 15.) The second is by the District to dismiss Count IV of the Complaint against the District. (ECF No. 18.) The third is to dismiss the individual claims of John and Jane Doe. (ECF No. 21.) Now represented by new counsel, the Does concur with the latter two motions, conceding that Count IV against the District and John and Jane Doe's individual claims should be dismissed. (ECF Nos. 31, 30.) Accordingly, the Court will grant those two motions. The Court will now address the individual defendants' motion to dismiss Count II, which is fully briefed.

  In order to survive a motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), a party must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545,

127 S. Ct. 1955, 1959 (2007).  Under 12(b)(6), a party must state a plausible claim, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009).

The individual defendants moved to dismiss Count II of the Does' Complaint.  The Does sued the individual defendants under 42 U.S.C. § 1983 in their official capacity only.  The Does concede that they have not pled sufficient allegations to sustain a claim—except for an equal protection claim against Defendant Tonia Shoup in her official capacity.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2013 n.55 (1978)).  In other words, "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).  The Does' claim against Shoup and the other individual defendants in their official capacities is, therefore, a suit against the District.  Because the Does have sued the District, their § 1983 claims against the individual defendants are duplicative of the Does' § 1983 claims against the District.  Accordingly, the Does' official-capacity claim against the individual defendants will be dismissed.  *See D.H. v. Matti*, No. 3:14-CV-732-CRS, 2015 WL 4530419, at *4 (W.D. Ky. July 27, 2015) (dismissing official capacity claims against individuals as "unnecessarily duplicative" because the municipal defendants were defendants and the same claims were asserted against them); *Swartz Ambulance Serv., Inc. v. Genesee Cnty.*, 666 F. Supp. 2d 721, 726 (E.D. Mich. 2009) (dismissing official-capacity claims against the board of commissioners and individual commissioners as duplicative of claims brought against the county); *Burreson v. Barneveld Sch.*

2

*Dist.*, 434 F. Supp. 2d 588, 593 (W.D. Wis. 2006) ("Because *Monell* authorizes suits brought against local government units directly, 'official capacity' suits against municipal decision makers are redundant when the municipality has been named as another defendant.").

Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count II (ECF No. 15) is **GRANTED**; Defendants' Motion to Dismiss Count IV against Defendant Grandville Public School District (ECF No. 18) is **GRANTED**; and Defendants' Motion to Dismiss the Individual Claims of John Doe and Jane Doe (ECF No. 21) is **GRANTED**.

The case will continue as to claims brought on behalf of Jimmy Doe—specifically Counts I and III against the District and Count IV against Shoup and Huberts.

Dated: September 6, 2018                                /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE