UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, et al,                                Case No.:  1:18-cv-00309

        Plaintiffs,                             Honorable Gordon J. Quist

v.

GRANDVILLE SCHOOL DISTRICT, et al,

        Defendants.
_____/

| | |
|---|---|
| Karen V. Truszkowski (P56929)<br>TEMPERANCE LEGAL GROUP PLLC<br>Attorney for Plaintiffs<br>503 Mall Court #131<br>Lansing, MI  48912<br>(844) 534-2560/Fax (800) 531-6527<br>karen@temperancelegalgroup.com | Craig R. Noland (P30717)<br>Amanda M. Zdarsky (P81443)<br>McGRAW MORRIS P.C.<br>Attorneys for Defendants<br>300 Ottawa Avenue, N.W., Suite 820<br>Grand Rapids, MI  49503<br>(616) 288-3700/Fax (616) 214-7712<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com |
| Julie A. Jacot (P43443)<br>Attorney for Plaintiffs<br>JACOT LAW PLLC<br>1044 N. Irish Road, Suite A<br>Davison, MI  48423<br>(810) 653-9526/ Fax (810) 658-2444<br>juliejacotlaw@gmail.com | |

## **JOINT STATUS REPORT**

A pretrial scheduling conference is scheduled in this matter for October 10, 2018 in front of the Honorable Judge Gordon J. Quist, 482 Federal Building 110 Michigan Ave., NW Grand Rapids, MI 49503

Appearing for the parties as counsel will be

      For Plaintiff:      **Karen Truszkowski, Julie Jacot**

      For Defendants:      **Craig Noland**

1. **Jurisdiction:**

   The basis for the Court's Jurisdiction is under 28 U.S.C. §§ 1331 and 1343.

2. **Jury or Non Jury: Jury**

3. **Judicial Availability**: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order entry of final judgment.

4. **Statement of the Case:**

   **Plaintiff's Statement of the Case:**

   This is a Title IX case involving the alleged sexual assault of a 5-year-old boy in kindergarten. The Plaintiff asserts that he was sexually assaulted by other boys in his class in the classroom, and that photos were taken of the Plaintiff's genitals and backside. This activity took place over the kindergarten school year using school district issued iPads. Plaintiff's parents reported to his teacher drastic changes in Plaintiff's behavior and mood throughout the 2014-2015 kindergarten year. Plaintiff told his parents that his classmates were teasing him about "his pictures." This was also reported to school officials.

   The content of the iPads was not monitored by defendants as the photos went undetected for months. Once the photos were discovered and the Plaintiff's parents notified of their existence, the photos were deleted by the Principal. As such, Plaintiff's parents were not able to see the photos. The Principal described the photos as "pornographic in nature." The Principal asserts she was instructed to delete the photos by police. Plaintiff disputes this assertion as the police were not notified until after the photos were deleted. Plaintiff did not

consent to have photos taken of his genitalia.

**Defendants' Statement of the case:**

Defendants deny the allegations of sexual assault or harassment. At no time while attending Grandville Public Schools was Jimmy Doe physical touched, coerced, threatened, sexually harassed or discriminated against in any way. At no time were Defendants informed or otherwise aware of any teasing about pictures. At the beginning of the 2014-2015 school year, Jimmy's parents informed Defendant that Jimmy wasn't ready for kindergarten, and that they planned to have Jimmy repeat kindergarten the next year. During the 2014-2015 school year students were provided iPads which had a camera feature. On April 21, 2015, some photos were discovered which showed Jimmy showing his private parts. The photos were dated March 31, 2015, and did not show any touching by other students. Jimmy told Principal Shoup that the photos were his idea, and there was no coercion or physical touching involved. Ms. Shoup promptly interviewed each of the students, who all confirmed there was no touching, coercion or bullying of any kind. Each parent was contacted. A report was made with the Wyoming Police Department, and the officer advised to make sure that the photos were deleted. A separate report was submitted to the Michigan Department of Human Services.

Jimmy repeated kindergarten during the 2015-2016 school year with the same teacher as originally planned. There were no complaints or concerns during the entire school year.

Defendant Grandville Public Schools denies the allegations of sexual harassment, and further denies that it had prior notice of any sexual harassment or that it was otherwise deliberately indifferent. Defendant further denies that Plaintiff has a viable *Monell* claim. Following preliminary discovery, Defendant Grandville Public Schools intends to file a

motion for summary judgment.

Defendants Huberts (Teacher) and Shoup (Principal) deny the allegations of gross negligence. Following preliminary discovery, Defendants intend to file a motion for summary judgment.

5. **Prospects of Settlement:**

    A settlement offer was made by the Plaintiff and Plaintiff remains willing to discuss settlement.

    The Parties have not engaged in settlement negotiations.

6. **Pendant State Claims:** There is a pendant state claim for gross negligence.

7. **Joinder of Parties and Amendments of Pleadings**: The parties expect to file all motions for joinder of parties to this action and file all motions to amend the pleadings by November 30, 2018.
    **Plaintiff** will address appointing a NEXT FRIEND for John Doe.

    **Defendants** have provided notice of fault allocation (Affirmative Defense 22/ECF 14; PageID 121) and wish to discuss whether an additional formal pleading is required.

8. **Disclosures and Exchanges:**

    (i)   Fed. R. Civ. P. 26 (a)(1) requires initial disclosures unless the court orders otherwise. The parties propose the following schedule for Rule 26 (a)(1) disclosures:  Plaintiff:  **November 16, 2018**; Defendants:  **November 16, 2018.**

    (ii)  Plaintiff expects to be able to furnish the names and areas of expertise of Plaintiff's expert witnesses by **December 28, 2018**. Defendants expect to be able to furnish the names and areas of expertise of Defendants' expert witnesses by **January 28, 2109.**

    (iii) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26 (a)(2). Reports, if required, should be exchanged according to the following schedule.

        Plaintiff:     **February 28, 2019**
        Defendants: **March 28, 2019**

    (iv) The parties have agreed to make available the following documents without the need of a formal request for production.

>   **Plaintiff** will provide all relevant documents plaintiff is aware of in the initial disclosures.  Any other documents will be provided upon request without the need for a discovery request.
>
>   Plaintiff agrees to provide the names of medical providers and any necessary releases to obtain records.
>
>   **Defendant** will provide documents concerning communications between Defendant employees and Plaintiff/parents.

9. **Discovery:**  The parties believe that all discovery proceedings can be completed by **April 10, 2019.  (Six months.)**

    **Plaintiff's Discovery Plan:**

    Discovery should not be completed in phases.

    Plaintiff intends to depose the named Defendants Shoup and Huberts, and possibly Merkel, Bearup, and Caniff, and other named witnesses, and any witnesses named by Defendants including experts.  Plaintiff will issue standard written discovery and may subpoena records from third parties as necessary.

    Due to the number of Defendants in the case, the Plaintiff may request that the number of depositions, interrogatories, and requests for admissions be extended.

    **Defendants' Discovery Plan:**

    Defendant wishes to discuss with the Court the sequencing of discovery which may provide for early dispositive motions.  Defendant anticipates filing initial discovery requests pursuant to Rule 33 and 34.  Defendant thereafter intends to depose Mr. and Mrs. Doe, as well as other family members.

    Defendant wishes to discuss an appropriate Protective Order which would address the disclosure of educational records, as well as the conduct of depositions of minors and the filing of deposition transcripts.  Defendant plans to have an Independent Forensic Examination of Jimmy Doe pursuant to Rule 35.

10. **Discovery or Disclosure Electronically Stored Information:**

    The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    **Plaintiff:**  The Plaintiff will provide the Defendants with any electronic information on a suitable electronic storage device.  The Plaintiff does not anticipate that there will be any electronic information at this time, except for photographs, videos, and social media.

> **Defendants:** Defendant will make available all relevant electronically stored information subject to a protective Order.

11. **Assertion of Claims of Privilege of Work-Product Immunity After Production:**

    None at this time.

12. **Motions:** The parties acknowledge that W.D. Mich. L.Civ.R 7.1 (d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d). Both Plaintiff and Defendants anticipate filing a Motion for Summary Judgment.

    Following preliminary discovery, Defendant Huberts intends to file a motion for summary judgment of Plaintiff's "gross negligence" claim.

    Following preliminary discovery, Defendant Shoup also intends to file a motion for summary judgment of Plaintiff's "gross negligence" claim.

    Following preliminary discovery, Defendant Grandville Public Schools intends to file a motion for summary judgment of Plaintiff's Title IX claim, and Plaintiff's *Monell* claim.

    The parties agree that all dispositive motions will be filed by July 1st, 2019.

13. **Alternative Dispute Resolution**: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

    Parties both suggests facilitative mediation after close of discovery.

14. **Length of Trial:** Counsel estimates the trial will last approximately **6 full days total**, allocated as follows:

    4 days for Plaintiff's case, 2 days for Defendants' case.

15. **Electronic Document Filing System:** Both parties acknowledge that the Local Civil Rule 5.7(a) requires all documents to be filed electronically and counsel will abide by this rule.

16. **Other**: Any special characteristics that may warrant extended discovery, accelerated disposition by motion or other factors relevant to the case.

    1. Both parties anticipate deposing witnesses in this matter that are under age 8. Due to the nature of the allegations, the parties may look to the court for further instruction. Both parties agree to facilitate the necessary protective orders.

    2. The Parties plan to present or otherwise discuss an appropriate protective Order which

addresses educational records within the Family Educational Rights and Privacy Act (FERPA). The anticipated Protective Order will address the taking of depositions of minors, as well as the filing of redacted student records and deposition transcripts to protect the confidentiality of the student witnesses.

3. Defendants wish to discuss a potential amendment to the Complaint and whether their notice of fault allocation set forth in their Affirmative Defense is sufficient without further pleading.

Dated:  October 5, 2018    */s/ Karen Truszkowski*
Karen Truszkowski (56929)
Attorney for Plaintiff

*/s/Julie Jacot*
Julie Jacot
Attorney for Plaintiff

Dated: October 5, 2018    */s/ Craig Noland*
Craig Noland
Attorney for Defendants